J. Kevin WILSON; Azita Wilson, Plaintiffs–Appellants,

v.

DRYVIT SYSTEMS, INCORPORATED, Defendant–Appellee,

and

D.T. Glosson Construction, Incorporated, a/k/a D.T. Glosson Construction, a/k/a Glosson Drywall Construction Company; Glosson Drywall Construction Company; Norman R. Cregan, individually and in his capacity as Sole Shareholder of NCW Development, Incorporated and Greenbrier Properties, Incorporated; NCW Development, Incorporated; Greenbrier Properties, Incorporated; Southern Synthetic & Plastic, Incorporated; Custom Designed Exteriors, Incorporated, Third Party Defendants.

No. 02–2070.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 2003.

Decided Aug. 7, 2003.

**ARGUED:** Daniel K. Bryson, Lewis &
Roberts, P.L.L.C., Raleigh, North Car-
olina, for Appellants. Hada DeVarona
Haulsee, Womble, Carlyle, Sandridge &
Rice, P.L.L.C., Winston–Salem, North
Carolina, for Appellee. **ON BRIEF:** San-
dra W. Mitterling, Lewis & Roberts,
P.L.L.C., Raleigh, North Carolina, for Ap-
pellants. David J. Mazza, Womble, Car-
lyle, Sandridge & Rice, P.L.L.C., Winston–
Salem, North Carolina, for Appellee.

Before WILKINS, Chief Judge, and
GREGORY and SHEDD, Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

## OPINION

PER CURIAM.

Appellant brought suit against the man-
ufacturer of an exterior cladding which
allegedly caused damage to the Appellant's
home. Defendant-manufacturer moved for
summary judgment on each of Appellant's
claims, which the district court granted.
Appellant's timely appeal followed and for
the reasons set forth below, we affirm.

### I.

Kevin and Azita Wilson (the "Wilsons"
or "Appellant") and NCW Development,
Inc. ("NCW") entered into a contract for
the sale and purchase of property and
improvements located in Morrisville,
North Carolina (the "House"). NCW re-
tained a subcontractor to apply a synthetic
stucco, or Direct Applied Exterior Finish
System ("DEFS"), manufactured by Dry-
vit Systems, Inc. ("Dryvit" or "Appellee"),
to the exterior of the House. The Wilsons
originally brought suit in North Carolina
state court against Dryvit for damage to
the House allegedly caused by the DEFS.
The Wilsons asserted five claims against
Dryvit: 1) negligence; 2) gross negligence;
3) negligent misrepresentation; 4) fraud;
and 5) unfair and deceptive acts and prac-
tices. Dryvit removed the case to federal
court based upon diversity of citizenship
and filed a third-party cross-complaint
against, among other parties, NCW and
the DEFS subcontractor. Dryvit then
filed a motion for summary judgment, to
which the Wilsons failed to file a response.
Shortly thereafter, the district court grant-
ed summary judgment in favor of Dryvit
on all of the Wilsons' claims. The Wilsons
then filed a motion for reconsideration,
which the district court denied. This ap-
peal followed.

### II.

We review the district court's grant of
summary judgment *de novo. Higgins v.
E.I. DuPont de Nemours & Co.,* 863 F.2d
1162, 1167 (4th Cir.1988). Summary judg-
ment is appropriate only if there are no
material facts in dispute and the moving
party is entitled to judgment as a matter
of law. *See* Fed.R.Civ.P. 56(c); *Celotex
Corp. v. Catrett,* 477 U.S. 317, 322, 106
S.Ct. 2548, 91 L.Ed.2d 265 (1986). In
determining whether summary judgment
should have been granted, we view the
evidence in the light most favorable to the
non-moving party. *See Anderson v. Liber-
ty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct.
2505, 91 L.Ed.2d 202 (1986).

### III.

Before we can reach the merits
of the Wilsons' appeal, we must first deter-

mine whether the issues raised in the appeal are properly before the Court. "Generally, issues that were not raised in the district court will not be addressed on appeal." *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir.1999). In this case, the Wilsons failed to file a response to Dryvit's motion for summary judgment, and the district court granted summary judgment for Dryvit on all claims. Although the Wilsons raised the issues that are the basis of this appeal in their complaint, that, alone, is insufficient to preserve the issues for appellate review. "If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir.1995). Likewise, the Wilsons' motion for reconsideration does not preserve these issues for appellate review because the district court found that the Wilsons "failed to make the requisite showing of mistake or excusable neglect." *See, e.g., Holland*, 181 F.3d at 605 (explaining that issues raised for the first time in a motion for reconsideration are not preserved for appellate review if the district court refuses to exercise its discretion to excuse the movant's untimeliness).

### IV.

Accordingly, because the Wilsons failed to properly preserve for appeal the issues first raised in their complaint, the Court declines to review the merits of their claims. We therefore affirm the district court's grant of summary judgment to Dryvit.

*AFFIRMED.*